IN THE MATTER OF THE APPLICATION OF THE NEW YORK, WEST SHORE AND BUFFALO RAILWAY COMPANY, TO ACQUIRE LAND OF EDWARD A. SWAIN AND OTHERS.

*Land under water — may be taken by a railroad company under section 25 of chap. 140 of 1850 — no notice need be served upon the owner of the adjoining upland — 1 R. S., 208, sec. 67.*

APPEAL from an order made at a Special Term, confirming an award of commissioners appointed to appraise the damages to be paid to the appellant for the taking of a portion of his land by a railroad company.

The court at General Term said: "The appellant Swain is the owner of lands lying upon the west side of the Hudson river. The railroad company seek to take about three-fourths of an acre, being substantially all the water front of Swain's premises. In 1881, Swain had taken initiatory steps to procure a grant of land under water in front of the premises from the commissioners of the land office. He had not obtained such grant at the time of the filing and service of the petition in this case by the railroad company. After the petition was served and before the appraisal now appealed from was made, the railroad company procured a title to the lands under water in front of the Swain premises, by appraisal, under section 25 of chapter 140, Laws of 1850. The service of the petition to acquire the lands under water was not served upon Mr. Swain. Service was made only upon the proper State officers and the award was paid into the State treasury. Upon the hearing before the commissioners to appraise the upland, this appraisal of the lands under water was given in evidence and it is objected that Swain should have had notice as a party interested in the lands under water. We think the objection not a good one. The argument is based upon the Revised Statute, which gives power to the commissioners of the land office to grant lands to owners of upland only and declaring that all other grants be void. (1 R. S., 208, § 67.)

"The section of the general railroad act above cited gives authority to railroad companies to acquire any lands belonging to the people necessary for the purposes to their road "by appraisal as in case of lands owned by individuals." The owner of the upland has no

interest in the land under water. (*Gould* v. *H. R. R. Co.*, 6 N. Y., 522.) The power given by statute to the land office commissioner must be deemed to be modified by the act of 1850. (*Watson* v. *N. Y. Central*, 47 N. Y., 157.) No notice, therefore, was required to be served on Swain to condemn the State lands because he had no interest in them and the law permitting their condemnation was legal."

*Calvin Frost*, for the railway company.

*Charles A. Jackson*, for property owners.

Opinion by BARNARD, P. J.; DYKMAN and CULLEN, JJ., concurred.

Order confirming report of commissioners affirmed, with costs and disbursements.